UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**MICHAEL GREGORY SMITH,**        }
                                  }
    **Petitioner,**               }
                                  }
v.                                }     Case No.:  5:17-cv-08025-RDP
                                  }                5:15-cr-00274-RDP-HNJ
**UNITED STATES OF AMERICA,**     }
                                  }
    **Respondent.**               }

## MEMORANDUM OPINION

Michael Gregory Smith ("Petitioner") is currently in the custody of the Bureau of Prisons serving a 192-month prison sentence imposed after he pled guilty pursuant to a plea agreement to one felony count. Petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. (Doc. # 1). The Motion has been fully briefed (*see* Docs. # 2, 6, 9) and is ripe for review. After careful review, and for the reasons explained below, the court concludes that Petitioner's Motion (Doc. # 1) is due to be denied.

**I.     Background**

Smith was named in a 33-count indictment. He was initially charged with two counts, but on January 26, 2016, pursuant to a plea agreement, he pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). (Doc. # 298 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). The plea agreement contained an appeal waiver:

> In consideration of the recommended disposition of this case, I, MICHAEL GREGORY SMITH, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to

challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

(Doc. # 298 at 8-9 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). Thus, Smith's appeal rights were waived, with three exceptions. During Smith's plea colloquy, he acknowledged this:

THE COURT: Move along with me to page 8 of the agreement. There's a section there called waiver of right to appeal and post-conviction relief. It carries over to page 9 near the bottom where your signature appears. I want to make sure that you understand that by signing the agreement on page 9 and entering your plea pursuant to this agreement today that you are waiving any right you may have to appeal your conviction and sentence in this case or file a later lawsuit challenging your conviction and sentence in this case unless one of the exceptions provided for in this section comes into play?

SMITH: Yes, sir.

THE COURT: That means you may be waiving some if not all of your rights to appeal your conviction and sentence and file a later lawsuit challenging those. Do you understand that?

SMITH: Yes, sir.

THE COURT: And your lawyer can give you advice about whether he thinks you should do that, but neither he nor anyone else can make the decision for you. The key question in this case is this: Have you considered it would be in your best interest to enter into this waiver and done so knowingly on your own?

SMITH: Yes, sir.

(Doc. # 6-1 at 15-16).

The applicable Guideline range for Smith, as determined by the court at the sentencing hearing, was 188-235 months. He was sentenced to 192 months, near the low end of the Guideline range, and below the statutory maximum. The statutory maximum became 235 months when the court re-determined the Guideline range at the sentencing hearing.[1]

On June 12, 2017, Smith filed this Section 2255 motion, arguing that he is entitled to an evidentiary hearing and legal representation because: (1) his sentence is unreasonable and in violation of the sentencing factors set forth in 18 U.S.C. § 3553(a); and (2) his sentence was imposed under an erroneous guideline range. (Doc. # 2 at 1). After careful review, the court concludes that Smith has failed to show that he is entitled to any form of relief under either theory.

## II.     Standard of Review

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of

---

[1] Smith had two or more "prior convictions" for purposes of the enhanced penalty under 21 U.S.C. §§ 843(d)(1), 851. (Docs. # 298 & 484 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). Based upon Smith's prior convictions, his statutory minimum sentence and thus his Guideline range, before adjustment, were both Life.

relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### III. Discussion

The Government argues that Petitioner's Section 2255 motion should be denied because it is both procedurally defaulted (Smith did not raise his claims on direct appeal), and it is precluded from review under the appeal-waiver provision within his plea agreement. (Doc. # 6 at 4). The court agrees.

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) (citing *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). The Eleventh Circuit has held that, "for a sentence-appeal waiver to be enforceable, [t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (internal quotation marks omitted) (quotation omitted). Here, the court specifically reviewed the appeal waiver with

4

Smith. Consequently, because the appeal waiver was knowingly and voluntarily made, it is valid and enforceable. None of the exceptions apply here.

So, although Smith makes two arguments, they are both barred by the appeal waiver. First, he argues his sentence was unreasonable under Section 3553(a).[2] Not only is this claim categorically wrong, it is clearly precluded by his appeal waiver. Second, Smith argues he received an incorrect Guideline range. Again, this argument is meritless and it, too, is barred by the waiver.

Even putting aside Smith's appeal waiver, he still would not be entitled to relief. Smith failed to present the issues he now raises on direct appeal. Claims not raised on direct appeal are barred by procedural default.[3] *See e.g.*, *United States v. Frady*, 456 U.S. 152, 166 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 111 S. Ct. 1629 (1991); *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849 (1990); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990).

## IV.   Conclusion

For all these reasons, Petitioner's Section 2255 Motion (Doc. # 1) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

---

[2] Specifically, Petitioner argues that the court erroneously applied the Section 3553(a) factors at his sentencing because it gave a co-defendant a lesser sentence, thus creating a "sentence disparity." The record shows why that claim is not just barred by the appeal waiver, but without merit.

[3] To be clear, Smith has not raised any claim of ineffective assistance of counsel. And, for good reason. He cannot make a showing as to cause. He could have raised these issues on direct appeal (but for his appeal waiver). And, it is of no moment that he failed to do so because of the appeal waiver. A waiver provision does not constitute cause under *Frady*. *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). Smith has made no effort to set forth facts amounting to cause for his procedural failure. Finally, the second prong of *Frady* requires that a petitioner show "actual prejudice." *Frady*, 456 U.S. at 166. Actual prejudice is prejudice that impacts constitutional or other fundamental rights, and the burden of demonstrating it is greater than the burden of demonstrating plain error. *Id.* Smith has not even attempted to make out the prejudice prong of *Frady*. For the foregoing reasons, the issues now raised fail for this reason as well.

**DONE** and **ORDERED** this May 6, 2020.

                                                    **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE